United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Luis Lima,<br>Defendant. | )<br>)<br>) Criminal Case No. 16-20088-CR-<br>) Scola<br>)<br>)<br>)<br>) |

**Order On Motion for Modification and Enforcement**

Now before the Court is the Government's motion for modification and enforcement of this Court's prior order, ECF No. 172. This matter was before the Court for a telephonic hearing on October 6, 2020. (ECF No. 179.) The government, counsel for the interested parties,[1] and counsel for the buyer were given the opportunity to present arguments before the Court. After considering the parties' argument, the record, the written submissions, and the relevant legal authorities, the Court **grants** the Government's motion. (**ECF No. 173**.)

## I. Background

By now, the backdrop of this matter is familiar to the Court. On March 20, 2019, Luis Lima conveyed property located at 2026 NW 7th Street, Miami, Florida 33125 (the "property") to his girlfriend Noemi Anet Estrada De Armas for $10.00 via Quit Claim deed. (ECF No. 168 at 2.) On February 28, 2020, Estrada entered into a contract to sell the property for $110,000.00 (ECF No. 168 at 2) and on April 30, 2020, the interested parties filed a motion to release the government's lien on the property, which this Court denied on June 30, 2020. (ECF Nos. 132, 164). After the Court adjudicated that motion, on July 29, 2020, the interested parties moved the Court to determine the value of Lima's interest in the property at the time it was transferred to Ms. Estrada, arguing that the property had no value at the time Lima transferred the property and therefore there was no value for the Government to collect on its lien if the sale were to go forward. (ECF No. 165.) Following briefing and a hearing, the Court denied the interested parties' motion, permitted the sale to go forward, and ordered certain relief requested by the government. (ECF No. 172.)

---

[1] Noemi Anet Estrada De Armas, Dagoberto Dominguez, and Darling Duarte are, collectively, the "interested parties."

Once again, a dispute has arisen between the government and the interested parties with respect to Lima's former property. (ECF No. 173.) Specifically, the interested parties and the government dispute whether the interested parties' attorney's fees in the amount of $15,000.00 may properly be treated as a "closing cost" that should be borne by the government. (ECF No. 173 at 2.) The fees at issue were incurred by the interested parties' counsel while "litigating the government['s] lien, and in preparing the conveyance documents." (ECF No. 173 at 2.) While the government argued in its briefing that it is not responsible for these expenses (ECF No. 173 at 2-3), the interested parties argue that these fees were incurred in curing "title defects" and therefore should be borne by the government as it is "customary" for such fees to paid "from the closing proceeds . . . in the legal industry" (ECF No. 175 at 2-3). At argument, the government noted it did not contest payment for preparation of conveyance documents in the amount of $2,500.00, leaving $12,500.00 in dispute.

## II.  Analysis

The Court disagrees with the interested parties that the interested parties' attorney's fees in the amount of $12,500.00 should be borne by the government. Rather, as the government points out, the operative contract governing this transaction "does not state that a lien holder shall pay for the seller's attorney's fees," but rather, plainly states that the "'Seller will pay Seller's attorneys' fees.'" (ECF No. 177 at 3 (quoting ECF No. 175-1 at 5 (Real Estate Contract)).) The interested parties provided affidavits from two real estate attorneys noting it is customary for "any fees or costs charged by an attorney" to "be included in the settlement statement prepared by the closing agent" and for real estate attorneys to satisfy their fees "from the Seller's proceeds at the closing. (ECF No. 175-1, at 22, 32.) The Court finds these affidavits unhelpful as they confirm the seller's attorney should be paid at the time of closing, which is not in dispute, but provide no information as to the propriety of the government bearing these costs. Confusingly, the affidavits seem to undermine the interested parties' position as they state it is customary for sellers to pay their own attorney's fees. This is consistent with the clear contractual language here and the interested parties offer no reason why this Court should depart from the unambiguous language in the contract.

It appears the interested parties' only argument suggesting the government should nonetheless bear the interested parties' attorney's fees is based on equity. The interested parties argue that requiring Ms. Estrada to pay her own attorney's fees "would be grossly inequitable" because it would result in Ms. Estrada "being in a worse financial position than if she had never received the property." (ECF No. 175.) While the Court is unmoved by this argument, even if it was, the interested parties fail to point to a single authority

supporting an award of attorney's fees against the United States or its agencies where such award is not specifically provided for by federal statute. *Joe v. United States*, 772 F.2d 1535, 1537 (11th Cir. 1985).

### III. Conclusion

The Court **grants** the government's motion (**ECF No. 173**). It is further **ordered and adjudged** that:
1) The Court finds that it has no jurisdiction or authority to require the interested parties to proceed with the sale. However, in the event the interested parties decide to proceed, the sale shall be permitted to go forward immediately with the Closing Agent disbursing the following expenses from escrow:
    a. Settlement or Closing Fee: $270.00
    b. City/County/Stamps or Surtax: $495.00;
    c. State Tax/Stamps: $660.00;
    d. County Taxes through October 7, 2020: $526.94;[2]
    e. Lien Search Fee: $600.00;
    f. Storm Water for City of Miami: $185.15;
    g. Sales/Broker's Commission: $6,600.00;
    h. 2nd Installment Property Tax Payment: $517.12;
    i. Attorney's Fees to Dadeland Legal Group LLC for Preparation of Closing Documents: $2,500.00; and
    j. Interested parties: $12,819.87.
2) Litigation fees and expenses shall not be deducted from the overall sales proceeds and are to be borne by the interested parties.
3) $12,500.00 representing the fees incurred by the Interested Parties for services rendered by Berrio & Berrio, P.A. in attempting to remove or reduce the criminal restitution lien in the above styled matter shall be deposited with the Court's Registry, pending appellate resolution or further Order from this Court.
4) The remaining proceeds shall be delivered to the Clerk and applied towards the criminal restitution judgment.

---

[2] The tax proration amount is based upon a closing date of October 7, 2020 and will increase at the amount of $5.64 daily. The amount due on the actual closing date may be disbursed by the closing agent.

**Done and Ordered** in Chambers at Miami, Florida, on October 7, 2020.

Robert N. Scola, Jr.
United States District Judge